# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH ) <br> NATIONAL PENSION FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GARZA MAINTENANCE ) <br> AND CONSTRUCTION, LLC, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br><br> No. 07-2105-KHV |

## DEFAULT JUDGMENT

On March 7, 2007 various employee benefit plans and their fiduciaries filed suit against Garza Maintenance and Construction, LLC under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, seeking to collect unpaid fringe benefit contributions which defendant owes the employee benefit plans. On March 17, 2007, defendant received service of process through personal service on owner Richard Garza. See Summons And Return Of Service (Doc. #2) filed March 26, 2007. On April 12, 2007, plaintiffs applied for an entry of default, see Verified Application For Entry Of Default (Doc. #3), which the Clerk of the Court entered on April 17, 2007, see Entry of Default (Doc. #4). This matter comes before the Court on plaintiffs' Motion For Default Judgment (Doc. #5) filed April 18, 2007. For reasons stated below, the Court sustains the motion.

Under Rule 55(b), Fed. R. Civ. P., the Court may enter judgment by default upon plaintiffs' application after entry of default. Where damages claimed are capable of mathematical calculation, the Court may enter such judgment without a hearing. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985); see also GMAC Commercial Mortgage Corp. v. HCCI-Friendship Manor

of Pratt, Inc., No. 02-2525-CM, 2003 WL 22102143, at *1 (D. Kan. May 2, 2003). Section 502(g)(2) of ERISA provides for an award of damages in an action under Section 515 as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Here, plaintiffs through affidavits establish damages in the amount of $8,627.41 unpaid contributions, $1,250.35 liquidated damages (12 per cent of the total unpaid contributions), $637.52 interest accrued at a rate of 12 per cent per annum through April 18, 2007, and $1,821.50 attorney's fees and costs. The Court finds that plaintiffs' damages are capable of mathematical calculation and may be awarded through default judgment without a hearing. Accordingly, the Court finds that under Section 502(g)(2), plaintiffs are entitled to an award of such damages totaling $12,336.78.

**IT IS THEREFORE ORDERED** that judgment in this matter is entered against defendant in the amount of $12,336.78.

Dated this 19th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court